**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1526**

_____

CLAUDIA YESENIA BARRIOS DE MARTINEZ; D.M.,

        Petitioners,

      v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: February 15, 2012      Decided: March 5, 2012

_____

Before KING, KEENAN, and DIAZ, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Murray D. Hilts, San Diego, California, for Petitioners. Tony West, Assistant Attorney General, Jennifer L. Lightbody, Senior Litigation Counsel, Stefanie A. Svoren, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Claudia Yesenia Barrios de Martinez, and her son, D.M. (collectively Petitioners), natives and citizens of El Salvador, petition for review of an order of the Board of Immigration Appeals (Board) dismissing their appeal from the immigration judge's denial of their requests for asylum, withholding of removal, and protection under the Convention Against Torture. Barrios de Martinez is the primary applicant for asylum and the claims of her son are derivative of her application. See 8 U.S.C. § 1158(b)(3) (2006); 8 C.F.R. § 1208.21(a) (2011). For the reasons set forth below, we deny the petition for review.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the

2

requisite fear of persecution."  Elias-Zacarias, 502 U.S. at 483-84; see also Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).  Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'"  Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

We have reviewed the record and conclude that substantial evidence supports the adverse credibility finding. We further conclude that Barrios de Martinez failed to establish that she was targeted by Mara Salvatrucha gang members on account of a protected ground.  See Lizama v. Holder, 629 F.3d 440, 447 (4th Cir. 2011).  We therefore uphold the denial of her requests for asylum and withholding of removal.  See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

Additionally, Barrios de Martinez challenges the denial of her request for protection under the Convention Against Torture.  To qualify for such protection, a petitioner bears the burden of proof of showing "it is more likely than not that he or she would be tortured if removed to the proposed

3

country of removal." 8 C.F.R. § 1208.16(c)(2) (2011). Based on our review of the record, we conclude that substantial evidence supports the denial of her request for relief. See Dankam v. Gonzales, 495 F.3d 113, 124 (4th Cir. 2007) (setting forth standard of review).

We therefore deny the petition for review.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*] Although it appears that the immigration judge completed the proceedings in Atlanta, Georgia, see 8 U.S.C. § 1252(b)(2) (2006), we decline to exercise our inherent authority to transfer the case to the Eleventh Circuit as we find it would not be in the interest of justice to do so. See Sorcia v. Holder, 643 F.3d 117, 122-24 (4th Cir.), cert. denied, 132 S. Ct. 776 (2011). Additionally, we have reviewed the Petitioners' due process claim, and find that Petitioners fail to demonstrate the requisite prejudice. See Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008); Rusu, 296 F.3d at 320.

4